IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RALPH WILSON LINGO, #190083, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:08-CV-225-WKW |
| | ) [WO] |
| | ) |
| CARLA H. WOODALL, | ) |
| | ) |
| Defendant. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a 42 U.S.C. § 1983 complaint filed by Ralph Wilson Lingo ["Lingo"], a state inmate and frequent litigant in this court. When he filed this case, Lingo also filed a motion for leave to proceed *in forma pauperis* pursuant to the provisions of 28 U.S.C. § 1915(a). *Application to Proceed Without Prepayment of Fees - Court Doc. No. 2* . However, under the directives of 28 U.S.C. § 1915(g), a prisoner is not allowed to bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."[1]

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment." In *Jones v. Bock*, ---- U.S. ----, 127 S.Ct. 910, 921 (2007), the

The records of this court establish that Lingo, while incarcerated or detained, has on three occasions had civil actions summarily dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) as frivolous and/or for failure to state a claim upon which relief could be granted. The cases on which this court relies in finding a § 1915(g) violation are as follows: (1) *Lingo v. State of Alabama, et al.*, Case No. 1:06-CV-462-WHA (M.D. Ala. 2006); (2) *Lingo v. Luker*, Case No. 1:06-CV-453-WHA (M.D. Ala. 2006); and (3) *Lingo v. State of Alabama, et al.*, Case No. 1:06-CV-45-MEF (M.D. Ala. 2006).

In this case, Lingo complains that Carla H. Woodall, the circuit clerk of Houston County, Alabama, will not provide him copies of state court records contained in several of his criminal case files. *Plaintiff's Complaint - Court Doc. No. 1* at 2. The allegations made the basis of the complaint fail to demonstrate that Lingo was "under imminent danger of serious physical injury" at the time he filed this case as is required to meet the imminent danger exception to the application of 28 U.S.C. § 1915(g). *Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (a prisoner who has filed three or more frivolous lawsuits and seeks to proceed *in forma pauperis* must allege a present "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). Based on the foregoing, the court concludes that Lingo's motion for leave to proceed *in forma pauperis* is due to be denied and this case dismissed without prejudice as Lingo failed to pay the requisite filing fee. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (emphasis in original) ("[T]he

---

Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA ... and inmates are not required to specifically plead or demonstrate exhaustion in their complaints." 127 S.Ct. at 921.

proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he ***initiates*** the suit.").

## CONCLUSION

Accordingly, it is

ORDERED that the motion for leave to proceed *in forma pauperis* filed by Ralph Wilson Lingo (Court Doc. No. 2) be and is hereby DENIED.  Additionally, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to pay the requisite filing fee upon the initiation of this case.

It is further

ORDERED that **on or before April 22, 2008** the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d

33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 9th day of April, 2008.

                                                    /s/Charles S. Coody
                                        CHARLES S. COODY
                                        CHIEF UNITED STATES MAGISTRATE JUDGE

Case 1:08-cv-00225-WKW-CSC   Document 3   Filed 04/09/2008   Page 4 of 4